IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY G. ELMORE, #98174-111, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-2258-D (BK) | |
| § | | |
| M. CRUZ, Warden, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) For the reasons set out below, the petition should be denied.

**I. BACKGROUND**

Petitioner was convicted in the United States District Court for the Northern District of California of Transportation of Child Pornography, for which he was sentenced to 78 months' imprisonment and ten years of supervised release. *United States v. Elmore*, No. 4:06-CR-0441 (N.D. Cal., Oakland, Mar. 5, 2007). He is presently incarcerated within the Bureau of Prisons (BOP) at the Federal Correctional Institution (FCI) in Seagoville, Texas.

During his confinement at FCI Seagoville, Petitioner participated in BOP's 500-hour residential drug abuse program (RDAP), which may result in the BOP reducing his sentence by up to one year. (Doc. 1 at 19.) About six months before the successful completion of RDAP, Petitioner's unit team recommended, and the warden approved, that he be granted placement in a

Residential Reentry Center (RRC) beginning on December 16, 2010.[1]  (Doc. 9 at 016.)  At that time, as reflected on his Supervision Release Plan, Petitioner had a projected release date of April 15, 2011.  (*Id.* at 028.)

In May 2010, the BOP sent a RRC referral to the Community Corrections Manager (CCM) in Sacramento, California.  (*Id.* at 002.)  In June 2010, however, the Regional CCM rejected Petitioner's RRC placement due to his sex offender classification and "strict guidelines and restrictions on accepting sex offenders due to their community locations and Statement of Work."  (*Id.* at 019.)  Since that rejection, Petitioner has refused to submit to the BOP a revised Supervised Release Plan form, designating an alternate district of supervision.  (*Id.* at 003.)  He, thus, remains incarcerated despite the October 2010 successful completion of RDAP, and the BOP has recalculated his projected release date from April 15, 2011, to January 31, 2012.  (*Id.* at 002.)

In this action, Petitioner alleges the BOP denied him the incentives of the RDAP and the Second Chance Act.  (Doc. 1 at 3.)  He argues the latter requires that priority be given to the reentry needs of sex offenders, including a maximum allowable period in a RRC.  (Doc. 1 at 7-8, 10.)  Petitioner requests that the Court direct the BOP to transfer him to a RRC or release him immediately.  (Doc. 1 at 6.)

Respondent answers that the petition should be denied because Petitioner's inaction, rather than the BOP's, has prevented his placement in a RRC.  (Doc. 8, 3-4.)  Petitioner replies that the BOP has intentionally and arbitrarily misuse[d] its "power of due process to oppress [his] reentry in the community."  (Doc. 10 at 5-6.)  He, thus, seeks immediate release to the San

---

[1] RRC is also known as a halfway house or Community Correctional Center (CCC).

Francisco, California, Probation Office. (*Id.* at 7.)[2]

## II. DISCUSSION

A.  Second Chance Act

The Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 692 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to increase placement in a RRC to a maximum allowable period of up to twelve months prior to the prisoner's projected release date, and require the BOP to make placement decisions on an individual basis consistent with the five factors set forth in 18 U.S.C. § 3621(b). Those factors include (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

Throughout his pleadings, Petitioner argues that the Second Chance Act gives "priority . . . to the reentry needs of Sex Offenders," and that the BOP intentionally misused its authority and power to "oppress [his] reentry needs." (Doc. 10 at 5.) He states the BOP had complete control over his RRC placement, and he would be in a RRC now if the BOP had followed the commands

---

[2] Because Petitioner is confined at FCI Seagoville, within the Dallas Division of the Northern District of Texas, the Court has jurisdiction to entertain this section 2241 habeas petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 and n. 3 (5th Cir. 2001) (district of incarceration is the only district with jurisdiction to entertain a section 2241 petition).
   Respondent does not address exhaustion of administrative remedies – i.e., whether Petitioner's claims can be deemed exhausted, or whether exhaustion at this late date would be futile. Nevertheless, the Court can deny a section 2241 habeas petition on the merits notwithstanding a petitioner's failure to fully exhaust administrative remedies. *See Kaemmerling v. Berkebile*, 2008 WL 4809426, * 1 (N.D. Tex. 2008) (citing *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (recognizing that it was proper to follow the policy of 28 U.S.C. § 2254(b)(2) -- which permits denial of state unexhausted petitions on the merits -- when dealing with section 2241 habeas petitions)).

of section 3621(b).  (*Id.* at 4.)

The Court finds Petitioner's arguments unpersuasive.  The BOP timely reviewed Petitioner for RRC placement utilizing the five factors listed in section 3621(b), and recommended him for RRC placement in compliance with the Second Chance Act.  Contrary to Petitioner's assertion, the BOP does not have absolute authority in locating a RRC facility.  The Regional CCM has the responsibility to find a suitable facility for placement.  *See Robinson v. Grondolosky*, 2009 WL 243184, *5 (D.N.J. Jan. 30, 2009) ("it is the responsibility of the Regional CCM to find a suitable CCC/RRC facility for placement"); *see also* BOP Program Statement 7310.04 at 7-8, 12, 14 (available on the BOP's website under Policy/Forms).  Here, the Regional CCM denied Petitioner's RRC placement because the San Francisco area RRC does not accept sex offender – a matter outside of BOP's control.  The U.S. Probation Office for the Northern District of California confirmed as much in its August 2010 letter to Petitioner.  (Doc. 1 at 16.)

Since Petitioner cannot be accepted in a RRC in his sentencing district, the BOP required him to submit a new Supervision Release Plan designating an *alternate* district of supervision.  (Doc. 9 at 003.)  Petitioner, however, has declined to submit a revised Supervision Release Plan.  (Doc. 10. at 3.)  Understandably, Petitioner does not wish to transfer jurisdiction over his term of supervised release because he has strong family ties in the San Francisco area, which he argues he will need to reintegrate into society.  (*Id.* at 3.)  In addition, he is concerned that if he transfers his supervision to another district to obtain RRC placement, he might be denied the opportunity to transfer his supervision back to San Francisco upon completion of RRC.  (*Id.*)  Lastly, he foresees that, upon his release in January 2012, the BOP will place him on a bus to San Francisco

regardless, and direct him to report to U.S. Probation there. (*Id.* at 3-4.)

Nonetheless, the fact remains that no RRC placement is available to Petitioner in the Northern California. Moreover, because the BOP timely recommended Petitioner for RRC placement, which was rejected due to matters outside the BOP's control, the Court concludes that the BOP did not violate the Second Chance Act.

B. Due Process Clause

Petitioner's Due Process claim fares no better. Petitioner received all process due him with regard to his RRC placement. Long before completion of his RDAP, the BOP informed Petitioner that RRC placement in his sentencing district was unavailable, and gave him an opportunity to designate an alternate district. As noted above, Petitioner declined to designate an alternate district due to his strong family ties in the San Francisco area.

The Court has diligently researched Petitioner's claims and found no authority supporting a due process violation. It is well established that federal prisoners do not have a constitutionally protected right to early release under section 3624. *Zerby v. Keffer*, 2010 WL 3835235, at *2, 4:10-CV-197-Y (N.D.Tex.,2010), *recommendation accepted*, 2010 WL 3835148 (N.D. Tex. 2010) (citing *Wottlin v. Fleming,* 136 F.3d 1032, 1036 (5th Cir.1998); *Venegas v. Henman,* 126 F.3d 760, 765 (5th Cir.1997); *Stewart v. Tombone,* No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D.Tex. Mar.24, 1998) (not designated for publication)). In addition, "nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to a guaranteed placement in a residential reentry center." *Creager v. Chapman*, 2010 WL 1062610, *3, 4:09-CV-0713-A (N.D. Tex., 2010) (citing *Jones v. Pearson,* 2009 WL 5217022 (S.D. Miss. Dec. 29, 2009); *Wilson v. Keffer,* 2009 WL 1230020 (W.D. La. May 5, 2009); *Reid v. Dewalt,* 2009 WL

5

383404 (E.D. Ky. Feb.11, 2009)). Further, to the extent Petitioner claims a constitutional right to be housed in a particular place, that claim is without merit. *Olim v. Wakinekona,* 461 U.S. 238, 244-46 (1983). Therefore, Petitioner's due process violation claim fails.

    C.    <u>Immediate Relase to San Francisco Probation Office</u>

In his reply, Petitioner requests immediate release to the San Francisco Probation Office. (Doc. 10 at 7.) By assigning him to Unit F-10 at FCI Seagoville (which is limited to inmates who have successfully completed RDAP), Petitioner states the BOP has, in effect, "placed [him] in a RRC of their [sic] choice and . . . [he has, thus,] completed the four months" required RRC placement. (*Id.* at 6). Petitioner provides no authority in support of his position and the Court has found none. However, as noted above, the Regional CCM has the responsibility to find a suitable facility for RRC placement, not the BOP. *See Robinson*, 2009 WL 243184, *5. It follows, therefore, that the BOP cannot place Petitioner in a RRC simply by assigning him to Unit F-10 at FCI Seagoville. Accordingly, this claim has no merit.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DENY** the petition for writ of habeas corpus under 28 U.S.C. § 2241.

SIGNED on March 9, 2011.

                              RENÉE HARRIS TOLIVER
                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE