# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LARRY G. ELMORE, #98174-111, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-2258-D | |
| § | | |
| M. CRUZ, Warden, § | | |
|     Respondent. § | | |

## ORDER

After the magistrate judge recommended that Larry G. Elmore's ("Elmore's") habeas corpus petition be denied, Elmore filed objections and motions for an evidentiary hearing, for appointment of counsel, for joinder/consolidation, and to add newly discovered evidence (the Bureau of Prisons's ("BOP's") belated rejection of his administrative remedy request).

Elmore's motions are denied. Elmore is not entitled to appointment of counsel in this habeas corpus proceeding. Nor does he present any issue of fact that would require an evidentiary hearing. Moreover, because the magistrate judge recently recommended that *Wagner v. Cruz, et al.*, No. 3:10-CV-2468-K (N.D. Tex.), be dismissed for failure to comply with a sanction order, joinder or consolidation is inappropriate.

After *de novo* review, the court adopts the magistrate judge's recommendation. Due to Elmore's sex-offender status, placement in a Residential Reentry Center ("RRC") in the Northern District of California is currently unavailable to him. Moreover, Elmore cannot establish a due process violation because the BOP timely recommended his RRC placement in Northern California, and the Regional Community Corrections Manager there rejected the recommendation due to Elmore's sex offender classification. And Elmore is not entitled to immediate release to the San Francisco Probation Office simply by virtue of his assignment to Unit F-10 at FCI-Seagoville (which

is limited to inmates who have successfully completed the BOP's Residential Drug Abuse Program).

The court denies Elmore's petition for writ of habeas corpus and his motions.

**SO ORDERED**.

April 28, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE